**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0630n.06
Filed: October 17, 2008

**No. 07-6046**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOE LOBBINS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, Chief Judge; COLE and COOK, Circuit Judges.

COOK, Circuit Judge. A jury convicted Joe Lobbins of violating 18 U.S.C. § 922(g), which prohibits convicted felons from possessing a firearm. The district court enhanced Lobbins's United States Sentencing Guidelines ("the Guidelines") range after finding by a preponderance of the evidence that he used the firearm in connection with an unlawful restraint. It then sentenced him to a 120-month prison term and three years of supervised release. Lobbins argues on appeal that the district court violated his Sixth Amendment right to trial by jury when it found that he unlawfully restrained his victim. Because the Sixth Circuit has repeatedly rejected this argument, we affirm.

I. BACKGROUND

On May 16, 2007, a jury convicted Lobbins of being a felon in possession of a firearm. 18 U.S.C. § 922(g). On July 2, the United States Probation Office completed a Presentence Investigation Report ("the PSR") calculating Lobbins's base offense level at 20. The office adjusted the level to 32 pursuant to the cross-reference provision of § 2K2.1(c)(1)(A) of the Guidelines because Lobbins used the firearm in connection with an unlawful restraint. It then recommended enhancing to level 38 because he used a dangerous weapon to cause serious bodily injury to a vulnerable victim. U.S.S.G. §§ 2A4.1(b)(2)(B), 2A4.1(b)(3), 3A1.1(b)(1).

On August 21, 2007, the district court held a sentencing hearing where it adopted the PSR's recommendations. The court concluded by a preponderance of the evidence that Lobbins used the firearm in connection with an unlawful restraint. In conjunction with the other enhancements, this resulted in a Guidelines range of 262 to 327 months. The court sentenced Lobbins to 120 months in prison and three years of supervised release. He then appealed.

## II. ANALYSIS

We review constitutional challenges to a defendant's sentence de novo. *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003). Lobbins contends that the Sixth Amendment prohibits a district court from applying a sentencing cross-reference based on a preponderance of the evidence standard. He argues that only a jury may make that determination. To be sure, a fact that increases a sentence beyond the statutory maximum must be determined by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Crowell*, 493 F.3d 744, 749 (6th

Cir. 2007). But Lobbins's sentence is not beyond the maximum, and Sixth Circuit caselaw unambiguously permits the court to make sentencing-related findings of fact by a preponderance of the evidence.

This circuit has repeatedly held that no Sixth Amendment violation occurs when a district court applies a cross-reference to a crime not charged in the indictment based upon the preponderance-of-the-evidence standard. *See*, *e.g.*, *United States v. Brika*, 487 F.3d 450, 454–57 (6th Cir. 2007) (applying kidnapping cross-reference to a charge of using a telephone to extort money in exchange for the release of a kidnapped person); *United States v. Rogers*, 261 F. App'x 849, 852 (6th Cir. 2008) (applying a cross-reference for attempted murder to a defendant charged as a felon in possession of a firearm). Sixth Circuit authority is contrary to Lobbins's assertion that judicial factfinding at sentencing by a preponderance of the evidence is unconstitutional, and so we reject his argument.

## III. CONCLUSION

Having rejected Lobbins's Sixth Amendment argument, we affirm.