NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2576
_____

UNITED STATES OF AMERICA

v.

ROBERT SCOTT, SR. a/k/a Big Rob

Robert D. Scott, Sr., Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 1-05-cr-00443-011, 1-07-cr-00292-001)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Robert Scott, Sr. pleaded guilty to a conspiracy to transport individuals with intent

to engage in prostitution, coercing and enticing individuals to travel in interstate

commerce for prostitution, and interstate travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a) and 1952(a). He also pleaded guilty to two separate charges of interstate transportation of a minor with intent to engage in prostitution, in violation of 18 U.S.C. § 2423(a). The District Court sentenced Scott to 274 months of imprisonment, three years of supervised release, a fine of $3,000, and an assessment of $300.

Quoting from his brief, Scott raises the following issues on appeal.

I. Whether the District Court abused its discretion in denying Defendant's Motion to Withdraw his guilty plea and in failing to re-colloquy Defendant prior to accepting his guilty plea as required by Fed.R.Crim. P. 11(b).

II. Whether the District Court erred in failing either to rule on a controverted issue of fact or to determine that a ruling was unnecessary as required by Federal Rule of Criminal Procedure 32(i)(3)(B) and in failing to append such ruling to the copy of the PSR made available to the Bureau of Prisons.

III. Whether the District Court erred in determining Defendant's Base Offense Level under U.S.S.G. §2A3.1 rather than §2G1.1 where the offense did not involve criminal sexual abuse, attempted criminal sexual abuse, or assault with intent to commit criminal sexual abuse as defined at 18 U.S.C. §§ 2241 or 2242.

IV. Whether the District Court erred in determining the offense involved conduct described at 18 U.S.C. §2241(a) or (b) and in increasing Defendant's Offense [sic] by four levels pursuant to U.S.S.G. §2A3.1(b)(1).

V. Whether the District Court erred in applying a two level increase pursuant to U.S.S.G. §2A3.1(b)(4)(B) for "serious bodily injury" where the offense did not involve conduct constituting criminal sexual abuse under 18 U.S.C. §§2241 or 2242.

VI.  Whether the District Court erred in enhancing Defendant's sentence two levels pursuant to U.S.S.G. §3A1.1(b)(1) for vulnerable victim, where there was no evidence to suggest that the victims were unusually vulnerable.

VII.  Whether the District Court erred in enhancing Defendant's Offense Level by two levels pursuant to U.S.S.G. §3C1.1 where Defendant's efforts to encourage a witness to tell the truth did not constitute obstruction of justice.

VIII. Whether the District Court erred in assessing the Defendant three Criminal History Points under U.S.S.G. §4A1.1(a) for a 1991 Tennessee conviction that should have been included as relevant conduct for the instant offense under §1B1.3.

Appellant's Brief, pp. 1-3.  We will affirm.

With regard to Scott's guilty plea, he asserts that he raised his motion to withdraw his guilty plea before the District Court accepted it and that, as a result, the District Court was obliged to grant his motion.  In fact, the record establishes that the District Court accepted Scott's guilty plea before any mention that Scott may file a motion to withdraw the plea.  Moreover, Scott did not file the motion until two weeks later.  Accordingly, it was Scott's burden to assert a "fair and just reason" for the withdrawal.  Fed.R.Crim.P. 11(d)(2)(B).  Essentially, Scott's motion expressed second thoughts on whether he could receive a fair trial.  The District Court was within its discretion to regard this as an insufficient reason to grant his motion.  He also claims that he did not understand the implications of his plea.  However, the District Court conducted a thorough colloquy at the time that Scott changed his plea, belying this claim.  Nothing further was required.

As a result, we conclude that the District Court was within its discretion to deny Scott's motion to withdraw his guilty plea.

Scott raises multiple challenges against the District Court's cross-reference to U.S. Sentencing Guidelines Manual § 2A3.1 (2003) for the calculation of the base level offense, and the District Court's application of enhancements pursuant to this section. He first claims that his offense did not involve criminal sexual abuse, as defined in 18 U.S.C. §§ 2241 or 2242, and that it was error to use the cross-reference to section 2A3.1.

Scott's guilty plea to the conspiracy made all reasonably foreseeable acts of co-conspirators relevant conduct. The record is replete with evidence of brutality by both Scott and his co-conspirators towards the victims that they prostituted. Scott wishes, however, to sever these brutal acts against the victims from any intent to prostitute them. Yet, the District Court properly concluded that Scott and his co-conspirators routinely lured minors and young women into prostitution, and then forced them to continue prostituting by creating an environment of fear and dependence through the use of threats of violence, actual violence, and various forms of manipulation against them. On this broad base of evidence, it applied the cross-reference to section 2A3.1. The District Court did not err.

He next challenges the District Court's application of the four-level special offense characteristic, pursuant to section 2A3.1(b)(1), on the basis that it is double counting the same conduct used to apply the cross-reference. We disagree. The District Court properly applied the entire offense guideline after the cross-reference, consistent with section 1B1.5.

4

Scott also claims that the District Court erred both by failing to rule on his objection to evidence of a particular victim's injury and by using this evidence to apply the serious bodily injury enhancement, pursuant to section 2A3.1(b)(4). Nonetheless, given the government's evidence of multiple victims with broken bones, deep lacerations and concussions at the hands of Scott and co-conspirators, the District Court did not err in its factual findings regarding this enhancement.

We next conclude that Scott's challenges to the vulnerable victim enhancement under section 3A1.1(b)(1) and the obstruction of justice enhancement under section 3C1.1 are meritless. Scott and his co-conspirators pursued girls as young as twelve years old and "lost girls," a term that referred to minors who were from troubled circumstances, such as homelessness and/or severely unstable families. The victims also included a girl with a cognitive impairment and another with a psychological disorder. These conditions were not incidental to the victimization. With regard to the obstruction of justice enhancement, the government proffered Scott's own letters and the testimony of co-conspirators that demonstrated witness tampering. The District Court did not err by applying these enhancements.

Finally, Scott challenges the District Court's assignment of three criminal history points for a 1991 conviction in Tennessee for the transportation of minors in interstate commerce for the purpose of prostitution. We need not reach the merits of his claim. Scott's guilty plea subjected him to a statutory maximum of 35 years, and his plea

5

agreement capped his sentence at 300 months.[1]  Moreover, the District Court's sentence

of 274 months was well below both the statutory maximum and the plea agreement cap.

Therefore, even if these points were mistakenly attributed to Scott, it was harmless

because the error did not affect the District Court's selection of the sentence imposed.

*See United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).

For all of these reasons, we will affirm the judgment of sentence of the District

Court.

---

[1] The District Court's Guidelines calculations resulted in an offense level of 43 and, regardless of the disputed criminal history points, Scott's Guidelines range would not have changed.