NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0045n.06

No. 10-5239

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 13, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
    Plaintiff-Appellee,                 )          ON APPEAL FROM THE
                                        )          UNITED STATES DISTRICT
        v.                              )          COURT FOR THE WESTERN
                                        )          DISTRICT OF TENNESSEE
RODNEY HENRY,                           )
                                        )
    Defendant-Appellant.                )
                                        )

BEFORE:  BOGGS, ROGERS, SUTTON, Circuit Judges.

ROGERS, Circuit Judge.  Defendant Rodney Henry pled guilty to (1) being a convicted felon in possession of a firearm; (2) attempted robbery; and (3) use of a firearm in relation to a crime of violence.  At sentencing, the district court applied a kidnaping cross-reference to the felon-in-possession charge.  This resulted in a guidelines range of 151-188 months for Counts One and Two.  Henry argues that the cross-reference was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Henry did not receive a sentence above the statutory maximum, his rights under *Apprendi* were not violated.

On September 20, 2008, the victim, Ruby Robertson, arrived for work at ACE America Cash Express ("Cash Express") in Memphis, Tennessee.  Robertson was the first employee to arrive, so she unlocked the front door of the business.  Unbeknownst to Robertson, Henry and his accomplice had already entered Cash Express from an adjacent, unoccupied building through a

hole in the wall.  As Robertson entered, Henry put a gun to her head and threatened to kill her if she did not open the safe.  Robertson pushed the panic alarm, which notified the Memphis Police Department and disabled the combination to Cash Express's safe.  Apparently unaware that the alarm had been triggered, Henry escorted Robertson to the safe and ordered her to enter the combination.  Robertson complied, but she told Henry that the safe operated on a time delay that lasted twelve minutes.  Henry and his accomplice decided to wait for the safe to open. While they were waiting, the Memphis police officers arrived at the scene.  In response, Henry ordered Robertson to exit Cash Express through the hole in the wall.  As Robertson began climbing through the hole, police officers entered the unoccupied building and took Henry into custody.

The officers recovered a gun and a sledgehammer on the floor beneath the hole in the wall.  Henry gave a full confession, in which he admitted: "I asked the lady to come through the hole, she came through the hole and by that time the police had came and I gave up."  PSR ¶ 11.

Pursuant to an oral plea agreement, Henry pled guilty to the following offenses: (1) being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g); (2) attempted robbery of a business affecting interstate commerce under 18 U.S.C. § 1951; and (3) the use of a firearm during a crime of violence under 18 U.S.C. § 924(c).  Under the agreement, Henry was to receive credit for acceptance of responsibility and a sentence within the applicable guidelines range.  PSR ¶ 5.

Henry's PSR grouped Count One (felon in possession) and Count Two (robbery of a business) pursuant to U.S.S.G. § 3D1.2(c).  PSR ¶ 18.  For Count One, the court calculated a

base offense level of 29, based on a cross-reference to kidnaping under U.S.S.G. § 2X1.1 and § 2A4.1. The court applied this base offense level to both counts under U.S.S.G. § 3D1.3(a). Because Henry had a criminal history of VI, the applicable guidelines range was 151-188 months. As to Count Three (§ 924(c)), the PSR noted that the statute required a minimum sentence of 84 months, to run consecutive to any other term of imprisonment.

The district court held two sentencing hearings.[1] Henry objected to the kidnaping cross-reference, arguing that he had never substantially interfered with Robertson's liberty and that the purported kidnaping was indistinguishable from the robbery. R. 58, Sentencing Tr., 12-16, 30-31. He did not raise any constitutional challenges to the cross-reference. The district court denied Henry's objections and applied the kidnaping cross-reference because the victim "was forcibly required to . . . move[ ] from one building to another." *Id.* at 35. After reviewing the 18 U.S.C. § 3553(a) factors, the district court sentenced Henry to 120 months' imprisonment on Count One (felon in possession) and a concurrent sentence of 151 months' imprisonment on Count Two (robbery of a business). *Id.* at 62-67; R. 60, Re-Sentencing Hearing, at 8-9. Henry received an 84 month sentence on Count Three (§924(c)), to run consecutive to Count One and Two. R. 58 at 65, R. 60 at 8-9. Henry filed this timely appeal.

---

[1] The court held an initial sentencing hearing on February 25, 2010 and sentenced Henry using a total offense level of 36. However, after the hearing, the parties submitted a joint motion to correct an error in the calculation of the base offense level. The parties noted that the PSR had wrongly included a particular four-level enhancement and failed to give Henry a three-point reduction for acceptance of responsibility. On March 16, 2010, the court re-sentenced Henry using a total offense level of 29.

The kidnaping cross-reference, as applied, did not violate Henry's right to a jury determination under *Apprendi*, 530 U.S. 466. As this court has previously held, "*Apprendi* is not triggered so long as the judicial findings of fact do not result in the defendant *receiving* a sentence that exceeds the statutory maximum." *United States v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007) (emphasis added). As Henry admits, he received the statutory maximum of 120 months on the § 922(g) offense and a 151-month sentence for robbery. Appellant Br. 18-19. The statutory maximum sentence for the robbery conviction was 240 months. 18 U.S.C. § 1951(a). Simply put, Henry did not *receive* a sentence beyond the statutory maximum; therefore, *Apprendi* is inapplicable. The fact that his combined sentences on all counts resulted in his imprisonment for more than 120 months is irrelevant – *Apprendi* is concerned with the sentence for individual counts and not the cumulative impact of the sentences. 530 U.S. at 474.

Nevertheless, Henry contends that the district court violated *Apprendi* by including the kidnaping cross-reference when it calculated the Guidelines base offense level for Counts One and Two. Henry argues that the district court should have capped the base offense level for Count One prior to grouping, to correspond to a Guidelines range in line with the statutory maximum. This would have lowered the group base level for Counts One and Two.

However, *Apprendi* is not concerned with the mechanics of a Guidelines calculation unless the sentence received exceeds the maximum sentence authorized by statute. *See United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003). Here, the court determined that the offenses embodied in Counts One and Two "involv[ed] substantially the same harm," and therefore

grouped them for sentencing purposes pursuant to U.S.S.G. § 3D1.2. Next the district court

determined which offense in the group carried the "the highest offense level of the counts in the

Group" under U.S.S.G. § 3D1.3. In making this determination, the district court applied the

kidnaping cross-reference to Count One, which increased the offense level to 29. Because the

felon-in-possession count carried the highest offense level, this became the Group's base offense

level under U.S.S.G. § 3D1.3. This is proper for the purposes of grouping, even though the

suggested range exceeded the statutory maximum for Count One, but not Count Two. Under

*Apprendi*, courts do not determine whether a sentence exceeds the "statutory maximum" until

after the sentencing guideline range has been determined and a sentence has been imposed. *See*

*United States v. Feola*, 275 F.3d 216, 219 (2d Cir. 2001). Although the Guidelines suggested a

sentence of 151-188 months based on the above calculation, Henry admits he only *received* the

statutory maximum 120 months for the §922(g) violation. Because Henry ultimately received

sentences at or below the applicable statutory maximum, *Apprendi* does not apply.

In essence, Henry is complaining of his sentence for the robbery conviction. Henry

admits that the district court arrived at the sentence for the robbery conviction by correctly

calculating the applicable range under the Guidelines, which included the cross-reference and

grouping of offenses. The resultant sentence of 151 months was under the statutory maximum

for robbery and did not violate *Appendi*.

Henry's facial challenge to the constitutionality of the cross-referencing procedure within

the sentencing guidelines similarly lacks merit. This court has consistently held that, unless a

sentence exceeds the statutory maximum, "no Sixth Amendment violation occurs when a district court applies a cross-reference to a crime not charged in the indictment based upon the preponderance-of-the-evidence standard," *United States v. Lobbins*, 297 F. App'x 473, 474 (6th Cir. 2008) (citing *United States v. Brika*, 487 F.3d 450 (6th Cir. 2007)).  Here, the court calculated the advisory guidelines ranges based on the cross-reference, and then applied the resultant base offense level to the robbery conviction.  Although Henry argues that the system of cross-referencing is an impermissible re-characterization of elements as factors, such a re-characterization only rises to a constitutional violation if the sentence imposed exceeds the statutory maximum.  As discussed above, Henry did not receive a sentence above the statutory maximum for the §922(c) violation.  Further, the sentence for Count II was under the 240-month statutory maximum for the robbery conviction; therefore, there was no Sixth Amendment violation.

Henry's cursory attempt to distinguish *Brika* and *Lobbins* is unavailing.  First, Henry argues that both decisions pre-dated *United States v. O'Brien*, 130 S. Ct. 2169 (2010), a Supreme Court decision that Henry contends has "the power to implicitly overrule" both *Brika* and *Lobbins*.  Appellant Br. 20, Reply  7.  While his statement regarding the primacy of the Supreme Court is true, Henry makes no attempt to explain how *O'Brien* affected this court's precedent.  *O'Brien* involved a sentence issued under 18 U.S.C. §924(c) where the Court considered whether Congress intended the use of a machine gun to be an element of the crime or a sentencing factor.  *O'Brien*, 130 S.Ct. at 2174-80.  The case did not address the cross-reference issue and did not

involve any of the pertinent issues addressed in *Brika* or *Lobbins*. Second, Henry argues that

*Brika* and *Lobbins* involved only one count instead of multiple counts. Henry fails to explain

why the number of counts charged changes the constitutionality of cross-referencing. Without an

intervening Supreme Court case on point, there is no reason to overturn this court's precedent in

*Brika.*

The sentence imposed by the district court is affirmed.