**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0262n.06

**FILED**

**Mar 14, 2013**

DEBORAH S. HUNT, Clerk

No. 12-5108

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHARLES KIZER, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     **MERRITT, CLAY, and GRIFFIN**, **Circuit Judges.**

**MERRITT, Circuit Judge.**  This criminal case challenges a defendant's sentence under the theories of due process, double counting, and substantive unreasonableness.  For the reasons set forth below, we reject those arguments and **AFFIRM** the district court's sentence of 120 months.

### I.  Facts

In August 2010, Charles Kizer enticed an 18-year-old crack addict identified as A.W. into a world of prostitution with promises to feed her drug habit.  She prostituted herself in Knoxville, Memphis, and West Memphis, Arkansas, and gave Kizer all of the proceeds.  He, in turn, gave her crack.

At sentencing, an FBI agent testified that Kizer kept A.W. in his control through fear and intimidation. He kept an axe under the seat of his truck and threatened to decapitate her. He locked her in his Memphis home, and when she tried to run away, she faced physical violence.

On September 1, 2010, Kizer dropped A.W. off at a gas station. A.W. seized the few minutes alone and immediately called 911. She told police Kizer had forgotten his gun and went to go get it. When he returned to the area, Memphis police arrested Kizer. Recorded telephone calls reveal that Kizer called another prostitute from jail three times and asked her to make sure A.W. stayed away from court so his case might be dismissed.

Kizer was charged with two counts of sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a), three counts of interstate transportation for the purpose of prostitution in violation of the Mann Act, 18 U.S.C. § 2421, and one forfeiture count. On August 31, 2011, Kizer pleaded guilty to one of the Mann Act counts in exchange for dismissal of the remaining counts.

## A. Guidelines Calculation

At sentencing, the district court turned to the applicable guidelines calculation. First, the court looked to Section 2G1.1, the section titled "Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor." Under this section, Kizer had a base offense level of 14. However, the district court found that the cross reference in section (c) applied because the offense involved criminal sexual abuse. The district court found that "A.W. did not spend all of this time with Mr. Kizer willingly, that she was subject to physical intimidation and threats of bodily harm from Mr. Kizer . . . and that she was in an atmosphere of violence and

intimidation that caused her to remain where she was against her will." Sent. Tr. at 67-69. The district court made this finding by a preponderance of the evidence.

The cross reference instructs the sentencing judge to then apply Section 2A3.1. Thus, instead of a base offense level of 14, Kizer now faced a base offense level of 30. Under Section 2A3.1(b)(1), the district court should apply a 4-level enhancement if the offense involved aggravated sexual abuse. The district court found that Kizer committed aggravated sexual abuse due to the force and threats against A.W. The judge stated, "I don't have any trouble concluding what he caused her to do which was to engage in sexual acts with others and that he used force to do so in various ways over a long period of time and that he put her in fear that she be subject to death or serious bodily injury." Sent. Tr. at 79. After additional adjustments for acceptance of responsibility, abduction, obstruction of justice, and vulnerable victim, the district court determined that the adjusted offense level was 40, with a criminal history category of IV. *Id.* Accordingly, Kizer faced 360 months to life in prison with a statutory maximum of 120 months.

## B. § 3553(a) Factors

The district court spoke of the "very, very serious" nature of the crime and stated that the facts were convincing that "A.W. was kept within an atmosphere of violence and she was afraid to leave." Sent. Tr. at 115. The court then detailed Kizer's previous criminal history and noted that he had a "long history of violence against women." *Id.* at 117. The judge stated, "There's a strong need for deterrence in this case, general deterrence, to discourage people from abusing young women and recruiting them into prostitution and holding them against their will and threatening them. There's a strong need to protect the public." *Id*. at 119-20. Although the court found that "a higher

sentence would probably be appropriate based on these facts," the court sentenced Kizer to the prescribed statutory maximum of 120 months in custody, followed by three years of supervised release. *Id.* at 121.

Kizer timely appealed his sentence, alleging that the district court's findings using a preponderance-of-the-evidence standard violated due process; that the application of the cross reference and the enhancement constituted impermissible double counting; and that the sentence is substantively unreasonable.

## II. Analysis

### A. Due Process

Kizer first asserts that the district court erred in using the preponderance-of-the-evidence standard to find facts that significantly enhanced his guidelines range. This Court has consistently held that the preponderance standard is appropriate when applied to sentencing factors, and thus, the district court did not err in applying this standard. *See, e.g., United States v. Lobbins*, 297 F. App'x. 473 (6th Cir. 2008); *United States v. Brika*, 487 F.3d 450 (6th Cir. 2007).

Kizer argues that *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), controls this case and stands for the proposition that a higher standard of proof, i.e., a clear and convincing standard, should be applied in cases where sentencing factors cause a dramatic increase in a guidelines range. *McMillan*, however, examined a state sentencing scheme and held that the application of a preponderance standard to sentencing factors, rather than elements of an offense, was constitutional. *Id*. at 91. *McMillan* did imply that sometimes a higher standard may be warranted, but only in such

rare cases where the sentencing enhancement in question is "a tail which wags the dog of the substantive offense." *Id*. at 88.

This is not such a case. The cross reference for sexual abuse and enhancement for aggravated sexual abuse directly reflect the conduct of the underlying offense. *McMillan* does not require a higher standard of proof simply because that conduct renders a higher guidelines range.

*United States v. Brika*, 487 F.3d 450 (6th Cir. 2007), confronts this issue. There, the defendant claimed a due process violation because the district court drastically increased his guidelines range based on conduct presented to but not found by the jury. *Brika* rejected the use of a higher standard of proof simply because the enhancement would significantly increase the defendant's sentence. *Id*. at 461 (citing *United States v. Graham*, 275 F.3d 490, 517 (6th Cir. 2001)). The *Brika* opinion characterized its holding as one that reaffirmed our prior cases and "reformulate[d] them in *Booker* terms." *Id*. We explained that post-*Booker*, the only constraint on a sentencing judge is the statutory maximum and minimum and the sentencing statutes. *Id*. Thus, we held that defendant Brika was only entitled to a "reasonable sentence within the statutory range" and that the due process argument "misses the mark." *Id*. *Brika* further held that "while we reaffirm our earlier holding that due process does not require sentencing courts to employ a standard higher than preponderance-of-the-evidence, even in cases dealing with large enhancements, we also hold such challenges should be viewed through the lens of *Booker* reasonableness rather than that of due process." *Id*. at 462 (internal citations omitted).

Following *Brika*, Kizer was entitled to a reasonable sentence within the statutory range. As we explain in Part II.C., he received one. Unfortunately for Kizer, his abusive conduct in trafficking

A.W. across state lines triggered the cross reference and the enhancement, but the resulting increase in the base offense level did not violate his due process rights and did not render his sentence unreasonable. The district court appropriately used the preponderance-of-the-evidence standard. The consequential dramatic increase in the base offense level is simply a result of Kizer's conduct, rather than the unconstitutional application of a sentencing factor that became "the tail that wagged the dog of the actual offense."[1] *See McMillan*, 477 U.S. at 88.

## B. Double Counting

Kizer argues that the district court's application of the cross reference under Section 2G1.1 and the four-level enhancement under Section 2A3.1 constitutes impermissible double counting. The cross reference applies if the court finds conduct described in 18 U.S.C. 2241(a) or (b) or 18 U.S.C. § 2242, the sexual abuse or aggravated sexual abuse statutes. The four-level enhancement under Section 2A3.1(b)(1) applies if the court finds conduct described in 18 U.S.C. § 2241(a) or (b), the aggravated sexual abuse statute.

---

[1] Furthermore, contrary to Kizer's assertion, this result and the holding in *Brika* is not abrogated in any way by *United States v. O'Brien*, __ U.S. __, 130 S. Ct. 2169 (2010). *O'Brien* confronted the narrow issue of the appropriate standard of proof in determining an element of an offense for specific statutory provisions contained in § 924, the section that dictates a machine gun enhancement. *See Deatrick v. Sherry*, 451 F. App'x 562, 565-66 (6th Cir. 2011). In *United States v. Henry*, 455 F. App'x. 655, 658 (6th Cir. 2012), a case involving both enhancements and cross references, we rejected the argument that *O'Brien* now demands a higher standard of proof, writing, "The case did not address the cross-reference issue and did not involve any of the pertinent issues addressed in *Brika* . . . there is no reason to overturn this court's precedent in *Brika*."

When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and mixed questions of law and fact *de novo*. *United States v. Tolbert*, 668 F.3d 798, 800 (6th Cir. 2012).

Impermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways. *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999). But no double counting occurs if the defendant is punished for distinct aspects of his conduct. *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008). Double counting is allowed "where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Farrow*, 193 F.3d at 194. Further, "no double counting occurs where, although the conduct underlying two enhancements is the same, a single guideline provision requires the district court to increase the defendant's sentence based on different aspects of the defendant's conduct." *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996). Impermissible double counting renders a sentence procedurally unreasonable. *United States v. Battaglia*, 642 F.3d 348, 351 (6th Cir. 2010).

In *United States v. Morris*, 2012 WL 3519006 (6th Cir. Aug. 16, 2012), we considered the same enhancement at issue in this case. *Morris* considered whether a defendant, found guilty by a jury of aggravated sexual abuse, could also face a four-level enhancement for conduct described in 18 U.S.C. § 2241(a), the "by force or threat" section of the aggravated sexual abuse statute. *Id*. at * 15. *Morris* found that there was no double counting, stating, "It was the sexual abuse that resulted in a level of thirty and only the aggravated nature of that offense resulted in the four level increase." *Id*.

This case is not only squarely on point with *Morris*, but presents an even stronger case for applying both the cross-reference and the enhancement. In *Morris* both were applied because one factor differed from the other in degree; in other words, different aspects of the conduct led to the use of both enhancements. In this case one could characterize the issue as entirely different conduct, because there was both force, and the threat of harm. (*See* R. 83, Sentencing Transcript, May 29, 2012, at 87-92.) Accordingly, if *Morris* allows a district court to apply both simply on the basis that there are different aspects to the conduct, then on these facts there is an *a fortiori* argument for applying both the cross-reference and the enhancement.

Our sister circuits have considered this very issue and have also concluded that double counting is not present in these cases. For example, in *United States v. Scott*, 434 F. App'x 103, 106 (3d Cir. 2011), the district court applied the cross reference in Section 2G1.1 because the defendant lured women into prostitution and created "an environment of fear and dependence through the use of threats of violence, actual violence, and various forms of manipulation against them." The district court then applied the four-level special offense characteristic enhancement for aggravated sexual abuse under Section 2A3.1(b)(1). *Id.* The Third Circuit found this calculation to be appropriate because it was consistent with Section 1B1.5. *Id.* at 107. In addition, the Ninth Circuit reached the same result regarding the same cross reference and four-level enhancement in *United States v. Archdale*, 229 F.3d 861, 869 (9th Cir. 2000), concluding, "Had the Sentencing Commission wanted to preclude double counting under the circumstances presented here, it could have done so. It did not."

Here, the Guidelines instruct that the cross reference should apply if the offense involved conduct contained in 18 U.S.C. § 2241(a) or (b) or 18 U.S.C. § 2242. Under 18 U.S.C. § 2242, a person commits sexual abuse by knowingly "caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear." The district court specifically found that Kizer held A.W. against her will, forced her to engage in prostitution, and physically intimidated and threatened her. Thus, the cross reference was appropriately applied.

The district court, after applying the cross reference and finding the new base offense level to be 30, then applied the specific offense characteristic enhancement based on the aggravated nature of the sexual abuse, specifically the force and threats. In doing so, Kizer was not punished for precisely the same aspect of his conduct, but rather for the sexual abuse and then for the aggravated nature of the sexual abuse. Just as the Ninth Circuit concluded in *Archdale*, the Sentencing Commission must have intended to punish defendants in this way using both the cross reference and the enhancement, and we do not find that these punishments for distinct aspects of conduct constitute impermissible double counting.

### C. Substantive Unreasonableness

Kizer claims that his sentence of 120 months is substantively unreasonable. He specifically asserts that the sentence is too long because A.W. was already a crack user when she met Kizer and that Kizer suffered from a difficult upbringing and bouts of depression and psychosis.

This Court reviews the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011). District courts have wide discretion in fashioning sentences. *See, e.g.*, *United States v. Guthrie*, 557 F.3d 243, 256 (6th Cir. 2009)

("District courts enjoy discretion in sentencing based on their ring-side perspective on the sentencing hearing and experience over time in sentencing other individuals. Accordingly, we do not presume to read the mind of a sentencing judge, on a search for impropriety."). A sentence may be substantively unreasonable if the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

The district court addressed all of the defense's mitigation arguments in great detail, including Kizer's history of mental illness and difficult upbringing. The court also carefully recited its reasons for imposing the statutory maximum, including the deterrence aspect of the sentence, as well as the need to protect the public. In fact, the district court even suggested that a harsher sentence may be warranted considering the egregious nature of the conduct. Still, the district court imposed a sentence within the guidelines range—the statutory maximum—and did not abuse its discretion in doing so.

### III. Conclusion

When the district court sentenced Charles Kizer, it took into account the nature of his underlying offense and found by a preponderance of the evidence that Kizer engaged in sexual abuse and aggravated sexual abuse of A.W. by forcing her into prostitution and keeping her under his control through intimidation, abuse, and threats. The district court correctly applied the sentencing enhancements and considered the § 3553(a) factors closely to fashion an appropriate sentence in this case. Accordingly, the judgment of the district court is **AFFIRMED**.