**Marise E. SMITH, Petitioner–Appellant,**

v.

**David MILLS, Respondent–Appellee.**

No. 02–5084.

United States Court of Appeals, Sixth Circuit.

May 14, 2004.

Thomas F. Bloom, Nashville, TN, for Petitioner–Appellant.

**434**

Kim R. Helper, Asst. Atty. General, Office of the Attorney General, Nashville, TN, for Respondent–Appellee.

Before MARTIN and MOORE, Circuit Judges; and WEBER, District Judge.* ·

PER CURIAM.

Petitioner–Appellant Marise E. Smith appeals from a judgment of the district court, denying his petition for a writ of habeas corpus. For the reasons stated below, we affirm.

## I.

Petitioner Smith was indicted in Davidson County, Tennessee in early 1993 on one count of aggravated burglary, two counts of attempted rape, one count of aggravated rape, and two counts of harassment. Smith entered a plea of not guilty, and was convicted by a jury on all counts. The trial judge merged the two harassment counts for purposes of sentencing, but imposed separate sentences as to each of the other counts.

After exhausting his direct appeals through the state courts. Smith filed a petition for post-conviction relief in the trial court. Among the issues he raised was a new claim that his convictions for two attempted rapes and one aggravated rape violated the Double Jeopardy Clause of both the Tennessee and federal constitutions. The trial court denied Smith's petition, finding as to the double jeopardy claim that the attempted rape and aggravated rape counts related to "separate criminal events, with separate criminal intents," and that separate charges thereon were "not multiplicitous."

Smith appealed that decision to the Tennessee Court of Criminal Appeals. In its opinion, the appellate court repeated the factual findings "set out ... on direct appeal," as follows:

During the early morning hours of April 9, 1992, the appellant entered the residence of the victim through a dining room window. He removed his pants in the hallway and entered the victim's bedroom. The victim was awakened when she heard the bedroom floor "creak." As she turned to look, she saw the figure of a person crouching next to her bed. The appellant immediately pinned the victim to the bed. He had a cord in his hand. The victim could not determine if the cord was made of rope or leather. The appellant attempted to penetrate the victim's vagina, but his reproductive organ was not sufficiently erect. After masturbating and obtaining an erection, he began to penetrate the victim's anus. The victim asked the appellant not to penetrate her anus. When she realized that she could not resist the appellant, and [that] the appellant [might] kill her if she did not submit, the victim asked the appellant to penetrate her vagina. The appellant obliged the [victim] and engaged in vaginal intercourse with the victim.

*Smith v. State of Tennessee,* 1999 WL 680287 at *1 (Tenn.Crim.App. Sept. 2, 1999) (citing *State v. Smith,* 891 S.W.2d 922, 925–26 (Tenn.Crim.App.1994)). That court then affirmed the judgment of the trial court, but did not address Smith's double jeopardy claim on the merits, finding that such claim had been waived "for failure to assert the issue in a prior proceeding." *Id.* at *6. The Tennessee Supreme Court then denied Smith's application for permission to appeal that decision.

* The Honorable Herman J. Weber. Senior United States District Judge for the Southern District of Ohio, sitting by designation.

On March 21, 2001, Smith filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee, renewing his double jeopardy claim and other challenges to his state court conviction and sentence. The district court initially granted Respondent's motion for summary judgment as to all but the double jeopardy claim. After further briefing, however, the court granted summary judgment on the merits of that claim as well, indicating that Respondent had "conced[ed] that the Tennessee Court of Criminal Appeals' reliance on waiver was inappropriate." The court therefore denied Smith's petition, and issued a certificate of appealability as to the double jeopardy claim. Smith brings this appeal.

## II.

In reviewing a district court's decision to grant or to deny a petition for a writ of habeas corpus under 28 U.S.C. § 2254, we ordinarily review all questions of fact under a "clearly erroneous" standard and consider all questions of law *de novo*. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). A federal court may grant a habeas corpus petition only when it concludes that the state adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). As to habeas claims not adjudicated on their merits by the state courts, however, such due deference does not apply. *Maples v. Stegall,* 340 F.3d 433, 436–37 (6th Cir. 2003). Instead, both questions of law and questions of fact are reviewed *de novo*.

A review of the record of post-conviction proceedings in this matter reveals some ambiguity regarding whether Smith's double jeopardy claim was adjudicated on its merits. Although the trial court's decision denying Smith's petition for post-conviction relief briefly addressed the double jeopardy claim as lacking merit, the trial judge cited no case law for that conclusion. Moreover, the Tennessee Court of Criminal Appeals explicitly stated that Smith's double jeopardy claim was waived as the result of a procedural default, but intimated that the issue also "[wa]s without merit." In the federal proceedings. Respondent appears to have abandoned any procedural default argument Under such circumstances. Smith's double jeopardy claim arguably is subject to *de novo* review. *See Maples,* 340 F.3d at 436–37.

## III.

The standard of review distinction is academic, however, given our conclusion that under either approach, Smith would not be entitled to habeas relief on the double jeopardy claim. Assuming *arguendo* that Smith's course of conduct in committing the crime could be deemed to constitute a single act or offense under applicable Tennessee law, *see State v. Barney,* 986 S.W.2d 545 (Tenn.1999), Smith's separate convictions for attempted rape and aggravated rape nonetheless do not violate the Double Jeopardy Clause. Federal double jeopardy analysis traditionally is conducted through application of the same-element test originally articulated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon,* 509 U.S.

**436**

688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

Applying the same-element test to the Tennessee statutes which define criminal attempt and aggravated rape confirms that the two describe separate offenses. The statute under which Smith was convicted of two counts of attempted rape states that "(a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense: (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be; (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Tenn.Code Ann. § 39–12–101(a). By contrast, the statute under which Smith was convicted of one count of aggravated rape provides that "(a) Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by the victim accompanied by any of the following circumstances: (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon." Tenn.Code Ann. § 39–13–502(a)(1).

A direct comparison of the two statutes in question reveals that the aggravated rape statute requires proof of sexual penetration, while the attempt statute does not. Furthermore, the requisite mental states under the two statutes differ. While the criminal attempt statute re-

quires specific intent, see Tenn.Code Ann. § 39–12–101, Comments of the Tenn. Sentencing Commission, "[t]he aggravated rape statute neither expressly requires nor plainly dispenses with the requirement for a culpable mental state. Consequently, 'intent, knowledge, or recklessness' suffices to establish the necessary culpable mental state." *Crittenden v. State,* 978 S.W.2d 929, 930 (Tenn.1998). Because each statute contains elements not required by the other, no double jeopardy violation is created by convictions under both. Additionally, given the testimony indicating that Smith made two separate, unsuccessful attempts to penetrate the victim—both vaginally and anally—his convictions on two attempted rape charges also do not constitute a double jeopardy violation.

For the foregoing reasons, we affirm the district court's denial of federal habeas corpus relief.