NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0202n.06

No. 13-1728

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| GREGORY EDWARD VANDYKE, aka | ) | MICHIGAN |
| Chance VanDyke, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: NORRIS, COLE, and GIBBONS, Circuit Judges.

PER CURIAM. Gregory Edward VanDyke appeals his 63-month sentence. As set forth below, we affirm.

Pursuant to a written plea agreement, VanDyke pled guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, a charge arising out of his participation in a scheme to prepare and file false federal income tax returns on behalf of other persons for profit. VanDyke's presentence report set forth a guidelines range of 41 to 51 months of imprisonment based on a total offense level of 15 and a criminal history category of VI. The probation officer identified the under-representation of VanDyke's criminal history and his high risk to recidivate as factors warranting an upward departure pursuant to U.S.S.G. § 4A1.3(a). In reviewing VanDyke's "extraordinary" criminal history, the district court discussed the patterns of violence, sexual violence in particular, and theft, as well as the targeting of vulnerable persons, that emerged from his convictions and other interactions with law enforcement—a record posing an

"overwhelming" risk of recidivist conduct. The district court also noted that a number of VanDyke's convictions were not included in his total criminal history score because of the cap on one-point convictions pursuant to U.S.S.G. § 4A1.1(c). Finding that an upward departure or, in the alternative, an upward variance was warranted, the district court increased VanDyke's offense level by two levels, resulting in a guidelines range of 51 to 63 months of imprisonment. The district court sentenced VanDyke to 63 months of imprisonment, followed by three years of supervised release, and ordered restitution in the stipulated amount of $243,417. VanDyke timely appealed his sentence.

We review VanDyke's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). VanDyke contends that the district court made factual determinations based on his prior arrest record to enhance his sentence, violating his right to due process and making his sentence procedurally unreasonable. VanDyke cites *United States v. Booker*, 543 U.S. 220 (2005), but we have held that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006). Moreover, by failing to object to the presentence report's facts regarding his prior convictions and arrests, VanDyke accepted those facts as true. *See United States v. Hockenberry*, 730 F.3d 645, 666 (6th Cir. 2013); *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

U.S.S.G. § 4A1.3(a)(2)(E) provides that a district court may consider "[p]rior similar adult criminal conduct not resulting in a criminal conviction" as a basis for an upward departure. But, as VanDyke points out, "[a] prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement." *Id.* § 4A1.3(a)(3). Recognizing this

prohibition, the district court clarified that the upward departure was "tied to the convictions." Even if VanDyke's prior arrests factored into the district court's upward departure, we have held that district courts may consider prior arrest records to justify an upward departure when the presentence report "provides specific facts surrounding the arrest." *United States v. Matheny*, 450 F.3d 633, 642 (6th Cir. 2006). VanDyke's presentence report contained detailed factual accounts—to which he did not object—for many of his numerous arrests not resulting in conviction.

In any event, the district court alternatively varied upward from the guidelines range based on "the overall criminal and law enforcement interaction." As we have stated, "variances from Guidelines ranges that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a) include a much broader range of discretionary decisionmaking than departures." *United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Stephens*, 549 F.3d 459, 466–67 (6th Cir. 2008); *see also United States v. Lanning*, 633 F.3d 469, 475 (6th Cir. 2011) (affirming variance based on criminal history).

Finally, VanDyke asserts that the district court, in applying the § 3553(a) factors, focused only on his weaknesses and did not acknowledge his strengths reflecting the possibility of rehabilitation. The district court recognized the need for both substance abuse and mental health assessment and treatment but "disagree[ed] with the suggestion that those problems are the causes of the criminal behavior. . . . The causes of the criminal behavior are repeated decisions over decades by Mr. VanDyke to break the law." VanDyke's disagreement with how the district court weighed the § 3553(a) factors does not demonstrate that his sentence is substantively

unreasonable.  *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008); *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Because VanDyke's 63-month sentence is procedurally and substantively reasonable, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we affirm the district court's judgment.