NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0422n.06

No. 13-1842

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 11, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| THOMAS EARL GERICK, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and COOK, Circuit Judges; MARBLEY, District Judge.[*]

**ALGENON L. MARBLEY, District Judge.**

## I. INTRODUCTION

Thomas Earl Gerick appeals the 240 month sentence, imposed following Gerick's plea of guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5).

## II. BACKGROUND

This case began when the Spanish Guardia Civil, Spain's national police force, conducted an investigation into a publicly available peer-to-peer network that was distributing child pornography. The Guardia shared information with the Federal Bureau of Investigation ("FBI"), which led them to determine that one of the computers providing child pornography to the peer-to-peer network belonged to Gerick. The FBI accessed the network, and was able to download

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

approximately 26 videos of child pornography available in Gerick's shared folder. Subsequently, federal investigators obtained a search warrant to conduct a search of Gerick's home, and seize his computers, hard drives, and all electronic storage devices. On March 2, 2011, federal agents led a raid on Gerick's computers and smart phones, and all other electronic storage devices were seized. The search of Gerick's computer produced 51 images and 55 videos of child pornography.

On March 23, 2013, Gerick pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5). On June 18, 2013, Gerick appeared before the Honorable Bernard A. Friedman for sentencing. At the sentencing hearing, Gerick raised objections on various grounds: the number of images; that he was assessed points for distribution through the use of peer-to-peer software; the sentencing enhancement for sadistic and masochistic conduct; and the sentencing increase based on the pattern of sexual abuse. Judge Friedman sentenced Gerick to 240 months on Count I, and 120 months on Count II, to be served concurrently. Gerick timely appealed on June 20, 2013. Gerick challenges his sentence on four grounds.

### III. ANALYSIS

#### A. Double Jeopardy

Gerick's first objection, which he did not raise before the district court, claims a violation of the Double Jeopardy Clause. Thus, we review his allegation for plain error. *United States v. Dudeck*, 657 F.3d 424, 427 (6th Cir. 2011) (citing *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996)). To establish plain error, Gerick must show that there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997). If those three conditions are met, the Court "may then exercise its discretion to notice a

forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Gerick argues, and the Government agrees, that Gerick's conviction on receipt, as well as possession, of child pornography violates the Double Jeopardy Clause. Gerick maintains that he was charged with receiving and possessing the same child pornography at the same time. Gerick insists, then, that his sentence on both counts was plain error, and thus a violation of his "substantial constitutional Sixth Amendment rights and 'undermines the fairness and integrity of the judicial proceedings.'" (*Appellant's Brief*, Doc. 19-1 at 21).

The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). When considering alleged double jeopardy violations, the Court applies the same-element test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which "inquires whether each offense contains an element not contained in the other; if not, they are not the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *Smith v. Mills*, 98 F. App'x 433, 435-36 (6th Cir. 2004) (citing *United States v. Dixon*, 509 U.S. 688, 696 (1993)).

Gerick relies on this court's finding in *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011), in which the court found that convictions for "knowingly receiving" child pornography and "knowingly possessing" that same child pornography violated Double Jeopardy.[1] In *Dudeck*, we qualified our holding in *Ehle*, stating that "while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both

---

[1] "Applying [the Blockburger] test, the two child-pornography statutes under which Ehle was charged proscribe the same offense, since the possessing provision does not require proof of any fact that the receiving provision does not. Convicting Ehle of both "knowingly receiving" child pornography, 18 U.S.C. § 2252(a)(2)(A), and "knowingly possessing" the same child pornography, 18 U.S.C. § 2252(a)(5)(B), therefore violated the Double Jeopardy Clause." *Ehle*, 640 F.3d at 694-95. The Court explained further, "'[r]eceiving' child pornography necessarily requires one to 'possess' that child pornography… 'Possessing' child pornography is a lesser-included offense of 'receiving' child pornography, meaning the two statutes proscribe the same offense." *Id*. at 695.

3

statutes is permissible if separate conduct is found to underlie the two offenses." 657 F.3d at 430.

Here, Gerick's convictions for "knowingly receiving" child pornography and "knowingly possessing" child pornography concern the same material, received at the same time it was possessed. Both Gerick and the United States submit that Gerick's sentence constitutes plain error, particularly in light of *Ehle*. *See United States v. Hutchinson*, 448 F. App'x 599, 603 (noting that, because "separate and distinct conduct did not form the basis for each offense, [the] case [was] controlled by *Ehle*"). We agree that Gerick's sentence, as it currently stands, would result in a violation of the Double Jeopardy Clause, and thus constitutes plain error. *See id*. at 604; *Ehle*, 640 F.3d at 699.

Gerick seeks a new hearing and subsequent resentencing by the district court. Gerick fails, however, to demonstrate the need for requesting such relief. The district court has already provided Gerick with a fair sentencing hearing, during which the court sentenced Gerick on each count of his indictment. It is well established that, when convictions violate the Double Jeopardy Clause, the Court must vacate the conviction for the lesser-included offense. *Hutchinson*, 448 F. App'x at 604 (citing *United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006)). In this case, the lesser-included offense was possession of child pornography. As the United States notes, Gerick's sentences were to be served concurrently, which would have resulted in a maximum sentence of 240 months regardless of whether Count Two was included in the sentence calculation. We therefore vacate Gerick's conviction and sentence for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5). The $200 special assessment resulting from the original sentence must, accordingly, be reduced to $100.

4

## B. *Preponderance of the Evidence Standard*

Defendant contends that the district court improperly used a preponderance of the evidence standard when enhancing Gerick's criminal history score, thereby violating his Fourteenth Amendment due process rights, and his Sixth Amendment rights to notice and jury trial guarantees. Gerick relies on *United States v. Morgan*, 435 F.3d 660 (6th Cir. 2006) to illustrate his alleged *Booker* violation. In *Morgan*, the district court imposed a sentence that exceeded the maximum sentence permitted by the facts established by Morgan's guilty plea. *Id.* at 665. This court found that the district court's sentence enhancements, when applied as mandatory, were plain error, thereby violating *Booker*. *Id.* Gerick asserts that, because the court enhanced his sentence using a preponderance of the evidence standard, his constitutional rights were violated.

The United States argues that, because Gerick's 240 month sentence falls within the statutory range for Count One, the district court did not commit a *Booker* violation. Moreover, the Government asserts that this court recognized that post-*Booker* judicial fact-finding during sentencing should continue, and district courts should still apply the preponderance of the evidence standard of review. *See United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006). The United States qualifies Gerick's reliance on *Morgan*, noting that *Morgan* was decided shortly after *Booker*; as such, this court found that taking the Guidelines as mandatory, combined with the preponderance of the evidence standard, constituted plain error. *See Morgan*, 435 F.3d at 665. The court's decision in *Morgan* can be distinguished from the case *sub judice*, according to the Government, because the district court recognized that the guidelines were advisory, and sentenced Gerick within the statutory range.

5

It is well established that "[s]entencing factors are to be determined by a preponderance of the evidence." *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (citing *United States v. Miller*, 161 F.3d 977, 984 (6th Cir. 1998)). Moreover, this Court has made clear that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. VanDyke*, No. 13-1728, 2014 WL 1011464, at *1 (6th Cir. March 17, 2014) (quoting *Gates*, 461 F.3d at 708). The district court, in considering the Sentencing Guidelines, must calculate the correct sentencing range, which includes taking the proper base-offense level and adjusting it pursuant to applicable enhancements or reductions to determine the adjusted-offense level. *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir. 2008). After establishing the adjusted-offense level, the district court must use the resulting offense level in conjunction with the appropriate criminal history category to arrive at a sentencing range. *Id.*; *see also Kimbrough v. United States*, 552 U.S. 85 (2007).

Defendant has failed to demonstrate that the district court improperly calculated the sentencing enhancements. There is nothing in the record to indicate that the district court strayed from the proper calculation for Gerick's sentence. Rather, the court made clear that it had considered the Guidelines and the relevant § 3553(a) factors in making its sentencing determination. Defendant contends that the district court, in calculating the Guideline range "greatly exceed[ed] the statutory maximum." (*Appellant's Brief*, Doc. 19-1 at 26). The district court did, in fact, establish that Defendant's proper Guideline range was 292 months to 365 months, which exceeded the statutorily authorized maximum of 360 months. (*PSR*, at 12). The district court, however, imposed a sentence of 240 months on Count One, and 120 months on Count Two, to be served concurrently. This court has previously held that, pursuant to

6

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), "courts do not determine whether a sentence exceeds the 'statutory maximum' until after the sentencing guideline range has been determined *and* a sentence has been imposed." *United States v. Henry*, 455 F. App'x 655, 658 (6th Cir. 2012) (emphasis added) (internal citation omitted). Thus, because Gerick's sentence fell within the statutory Guideline range on Count One and Count Two, the district court did not err.

When the district court sets forth a sentence that lies within the advisory Guidelines range, the sentence is presumptively reasonable. *Id.* (citing *United States v. Gale*, 486 F.3d 929, 937 (6th Cir. 2006); *Rita v. United States*, 551 U.S. 338 (2007)). Gerick offers no evidence to dispute this presumption.

### C. *Sentence Enhancements*

Gerick challenges three of the district court's specific sentencing enhancements: the four point enhancement for material portraying sadistic and masochistic conduct under USSG 2G2.2(b)(4); a two point increase for distribution for a peer-to-peer program under USSG 2G2.2(b)(3)(F); and a five point assessment for engaging in a pattern of sexual abuse under USSG 2G2.2(b)(5). Specifically, Gerick argues that the district court violated his constitutional rights by using the Pre-Sentencing Report ("PSR") in determining his sentence. According to Gerick, such reliance on the PSR was particularly unjust based on the Government's alleged failure to submit a sentencing memorandum. The Government insists that it did, in fact, submit a sentencing memorandum, which defense counsel stated he had received during the sentencing hearing. (*Sentencing Hearing Transcript*, Doc. 30, at 3).

We review the district court's application of the Sentencing Guidelines *de novo*. *United States v. Deitz*, 577 F.3d 672, 698 (6th Cir. 2009) (internal citation omitted).

7

## 1. Four Point Enhancement for Material Portraying Sadistic and Masochistic Conduct Under USSG 2G2.2(b)(4)

Gerick objected to the four point increase under USSG 2G2.2(b)(4) at his sentencing hearing, taking particular issue with the probation department's characterization of the images. Gerick argues that the district court improperly relied on the Government's representations, as well as those given in the PSR. According to Gerick, the Government did not present any evidence to justify the four point increase ultimately granted in the determination of Gerick's sentence. As such, Gerick claims that the evidence failed to meet the preponderance of the evidence standard required during sentencing.

The Government responds that it stated that Gerick's collection of pornography included pictures and videos of prepubescent children[2] being penetrated vaginally or anally by an adult male penis. (*Appellee's Brief*, at 14). Upon hearing the Government's description of the material, defense counsel did not dispute the content, but only whether the content should be considered "sadistic" under USSG 2G2.2(b)(4). According the Government, defense counsel's failure to object to the content, or distinguish this case from *United States v. Groenendal*, in which this Court found that images of an adult male sexually penetrating a prepubescent child are *per se* sadistic, demonstrated Gerick's lack of evidence to refute the content. Additionally, when the district court stated that it had not viewed the evidence first-hand, Gerick neither objected nor suggested that the judge needed to see the material himself.

As a threshold matter, when, as here, a defendant does not produce evidence to dispute the facts set forth in the PSR, the district court is permitted to rely on the PSR when sentencing the defendant. *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007) (citing *United States*

---

[2] Many of the children were as young as two or three years old.

*v. Duckro,* 466 F.3d 438, 449 (6th Cir. 2006)).  The district court, therefore, did not improperly utilize the PSR in making its sentencing determination.

Gerick disagrees with the Government's characterization of the images described in the PSR.  In *United States v. Groenendal,* this Court considered "whether a court can apply an enhancement for sadistic or masochistic conduct when there is no material evidence of the image in question before the court, but both parties stipulate as to the conduct portrayed in the image." 557 F.3d 419, 425.  We held that penetration of a prepubescent child by an adult male is inherently sadistic conduct.  *Id.*  Images depicting such conduct merit the four point sentencing enhancement under USSG 2G2.2(b)(4).

## 2. Two Point Increase for Distribution for a Peer-to-Peer Program Under USSG 2G2.2(b)(3)(F)

Under USSG 2G2.2(b)(3)(F), a defendant is eligible for a two point sentencing enhancement for "distribution other than distribution described in subdivisions (A) through (E)". A defendant's conduct is considered to be distribution when it includes:

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

*Id.* § 2G2.2 cmt. 1.

Gerick argues that the district court's sentencing enhancement for distribution for a peer-to-peer program under USSG 2G2.2(b)(3)(F) was improperly applied to his sentence.  Gerick states that he only admitted to using the peer-to-peer software for downloading images, but did not admit to intentionally distributing or posting images for public access.  Gerick further alleges

9

that the Government failed to present any evidence that "any images were uploaded from [Gerick's] computer for distribution and public viewing." (*Appellant's Brief*, Doc. 19-1 at 34).

Gerick relies on *United States v. Durham*, 618 F.3d 921 (8th Cir. 2010), in which the court of appeals found that the district court had erred in applying a sentencing enhancement for distribution. The *Durham* court found that, while the use of a file-sharing network does not necessitate the application of USSG 2G2.2(b)(3)(F)'s distribution enhancement, it must be determined on a case-by-case basis. *Id.* at 925-26, 931 (internal citations omitted). Gerick contends that his lack of technical knowledge in computers, combined with the alleged lack of showing that images or videos from his computer were uploaded for distribution, and Gerick's attempts to block others from gaining access to his computer, all weigh in favor of vacating the district court's sentencing enhancement under USSG 2G2.2(b)(3)(F).

The Government points to relevant portions of the PSR that Gerick did not dispute, in support of its argument that the distribution enhancement was justified. First, Gerick failed to challenge that his computer was the source of videos featuring child pornography that were found on computers in Spain. Next, Gerick did not deny that FBI agents accessed 26 videos on the peer-to-peer network containing child pornography found in a shared folder on Gerick's computer. The Government argues that each of those admissions is sufficient to warrant the district court's application of the sentencing enhancement for distribution. *See United States v. Conner*, 521 F. App'x 493 (6th Cir. 2013) (finding that the knowing use of a file-sharing network is sufficient to trigger the sentencing enhancement under USSG 2G2.2(b)(3)(F)).

In response to Gerick's reliance on *Durham*, the Government points to the Eighth Circuit's decision in *United States v. Dodd*, in which the Court declared that, "[a]bsent concrete *evidence* of ignorance…a fact-finder may reasonably infer that the defendant knowingly

10

employed a file sharing program for its intended purpose." 598 F.3d 449, 452 (8th Cir. 2010). The Government argues that Gerick did not produce any evidence to demonstrate that he was ignorant to different facets of file-sharing technology, including that file-sharing would allow others to access the child pornography in his shared folder; a general understanding of the properties of file-sharing technology; a sizable number of images found in Gerick's shared folder at the time it was searched; and Gerick's knowledge of different file-sharing programs demonstrated during his discussion with the agents. Additionally, Gerick admitted that he had been collecting images and videos for 30 years, which the Government insists is further proof of his experience with, and understanding of, file-sharing programs.

In *Conner*, we reaffirmed the principle set forth in *Bolton*, that knowing use of a file-sharing program is sufficient to trigger the two-point enhancement under USSG 2G2.2(b)(3)(F). *Conner*, 521 F. App'x at 500 (citing *Bolton*, 669 F.3d at 781-83). The *Conner* court noted that, despite various defendants' arguments that they lacked knowledge concerning the file-sharing software's ability to distribute child pornography, courts have not required the government to prove that knowledge. *Id*. (citing *Dodd*, 598 F.3d at 452). Thus, even assuming for argument's sake that the presumption that use of file-sharing software shows intent to distribute is rebuttable, the defendant bears the burden of presenting "concrete evidence of ignorance" about the file-sharing program, given the "entirely counterintuitive" nature of ignorance regarding such software. *Id*. (citing *Durham*, 618 F.3d 921; *Dodd*, 598 F.3d at 452).

Gerick has failed to present concrete evidence of ignorance regarding the file-sharing program through which the child pornography he possessed was subsequently distributed. Gerick presents various assertions to support his claim that we should vacate the district court's distribution enhancement. First, he maintains that he lacks technical knowledge in computers.

11

Second, he alleges that the United States did not show that the images or videos found on Gerick's computer were uploaded for distribution and public viewing. Finally, Gerick argues that he attempted to block others from gaining access to his computer. None of the arguments presented contain concrete evidence demonstrating Gerick's ignorance about the use of file-sharing programs.

Knowing use of a file-sharing program is sufficient to warrant the two-point increase under USSG 2G2.2(b)(3)(F). *Id.* at 499-500. Without adequate evidence to dispute Gerick's knowledge regarding the peer-to-peer software, Gerick failed to establish concrete evidence of his ignorance concerning the use of such technology. Thus, the district court properly applied the distribution enhancement under USSG 2G2.2(b)(3)(F).

3. Five Point Assessment for Engaging in a Pattern of Sexual Abuse Under USSG 2G2.2(b)(5)

The final sentencing enhancement to which Gerick objects is the five point increase received for a pattern of sexual abuse pursuant to USSG 2G2.2(b)(5). Gerick concedes that he sexually abused his granddaughter, a crime for which he was sentenced in state court, but takes issue with the other alleged instance of abuse that he committed against his daughter nearly 35 years ago. Gerick claims that the Government relied solely upon PSR used in Gerick's state court case to find information regarding Gerick's sexual abuse of his daughter. According to Gerick, the district court simply relied on the Government's allegation when determining that Gerick met the criteria for receiving an enhancement under USSG 2G2.2(b)(5). Gerick, however, denies that he has engaged in enough activity to justify an enhancement that requires the showing of a pattern of sexual abuse, particularly because he claims that he has only admitted to the abuse of his granddaughter.

12

The Government argues that Gerick's admission that he sexually abused his daughter and granddaughter were both made during a polygraph examination the week after he was arrested for the crime at issue. The Government refutes that Gerick's admission was hearsay, noting that Gerick himself made the statement. Even if it was hearsay, the Government contends that the rules of evidence do not apply at sentencing, thus allowing the court to consider properly the statement when making its sentencing determination. Further, the Government points to Gerick's restatement of his earlier admission about sexually abusing his daughter, set forth in his sentencing memorandum. Finally, the Government states that, contrary to Gerick's belief, the PSR was not the sole source that included Gerick's admissions of sexual abuse. Rather, the polygraph test was the first instance in which Gerick made that admission, and his confession to the act is contained in the polygraph report.

The rules of evidence generally do not apply at sentencing. Fed. R. Evid. 1101(d)(3)[3]; *see United States v. Bates*, 315 F. App'x 591, 594 (6th Cir. 2009) (citing *United States v. Davis*, 170 F.3d 617, 622 (6th Cir. 1999)). Gerick's admission does not amount to hearsay, pursuant to Fed. R. Evid. 801(d)(2)(A).[4] Even if his statement were found to be hearsay, however, it would still be admissible in sentencing proceedings. Fed. R. Evid. 1101(d)(3). Accordingly, the district court did not err in considering such evidence when making its sentencing determination.

Under USSG 2G2.2(b)(5), a sentencing enhancement may be applied "if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The Guidelines define a pattern of sexual abuse or exploitation of a minor as:

> any combination of two or more separate instances of the sexual abuse or
> sexual exploitation of a minor by the defendant, whether or not the abuse

---

[3] Rule 1101(d)(3) states: "These rules – except for those on privilege – do not apply to the following: miscellaneous proceedings such as…sentencing."

[4] Rule 801(d)(2)(A) states: "A statement that meets the following conditions is not hearsay: The statement is offered against an opposing party and was made by the party in an individual or representative capacity."

> or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

*Id*. § 2G2.2 cmt. 1. Gerick admitted to two separate instances of sexual abuse of a minor, one occurring in 1976 and one occurring in 2009. We have previously determined that "the sentencing enhancement [under USSG 2G2.2(b)(5)] does not 'require [] a temporal nexus between any instances of sexual abuse or exploitation.'" *United States v. Wright*, 464 F. App'x 475, 483 (6th Cir. 2012) (quoting *United States v. Gawthrop*, 310 F.3d 405, 414 (6th Cir. 2002)). As the district court noted, simply because there was a 30-year span between the first and second instances of sexual abuse of a minor does not negate the fact that such abuse occurred. The two instances of abuse are sufficient under the guidelines to warrant the five point sentencing enhancement. We, therefore, uphold the five point assessment under USSG 2G2.2(b)(5).

### D. Eighth Amendment Violation

Gerick's claims that the district court's 20-year sentence, which falls within the statutory range, violates his Eighth Amendment protection against cruel and unusual punishment. Gerick contends that his age and history of health issues diminishes his life expectancy, which should in turn result in a lesser sentence. He also points to certain critiques of sentencing guidelines for child pornography offenses that argue such sentences are too high. (*Appellant's Brief*, Doc. 19-1 at 38-42) (collecting cases). The Government responds by arguing that Gerick's sentence was not grossly disproportionate to his crime, and therefore does not violate the Eighth Amendment's protection against cruel and unusual punishment. *See United States v. Hughes*, 632 F.3d 956 (6th Cir. 2011).

We review Gerick's constitutional challenge *de novo*. *United States v. Collier*, 246 F. App'x 321, 338 (6th Cir. 2007) (internal citation omitted).

It is well established that a sentence below the statutory maximum generally does not constitute cruel and unusual punishment. *United States v. Walker*, 506 F. App'x 482, 490 (6th Cir. 2012) (quoting *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (internal citation omitted). Moreover, Gerick's age and health history do not require the district court to decrease his sentence. *See United States v. Nichols*, 527 F. App'x 344 (6th Cir. 2013) (finding that the district court adequately considered the defendant's age and health issues, and the court's determination of a 600-month within-guidelines sentence was reasonable). As this court has previously noted, "the Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." *United States v. Beverly*, 369 F.3d 516, 537 (6th Cir. 2004). We therefore find that the district court did not violate Gerick's Eighth Amendment rights by sentencing him to 240 months on Count One.

## IV. CONCLUSION

For the reasons set forth above, we vacate in part and affirm in part Gerick's sentence.