**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0145n.06

No. 14-1329

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| **Plaintiff-Appellee,** | ) | Feb 24, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MICHAEL MAZEL, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

Before:  MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Michael Mazel pleaded guilty to receipt and possession of child pornography.  The district court sentenced him to 210 months of imprisonment for receipt and 120 months of imprisonment for possession.  Mazel now appeals on the grounds that his sentence is substantively unreasonable and that his convictions violate the Double Jeopardy Clause.  For the reasons set forth in this opinion, we **AFFIRM** the sentence of the district court on Count One (receipt), **VACATE** the conviction and sentence on Count Two (possession), and **REMAND** to the district court for the limited purpose of dismissing Count Two and reducing the special assessment to $100.

**I.  BACKGROUND**

In May 2012, Homeland Security agents noticed a user—later confirmed to be Mazel—on a peer-to-peer file sharing network "as a potential download source" for 111 files previously identified by law enforcement as likely containing child pornography.  R. 1 (Crim. Compl. ¶ 5)

(Page ID #3). The agents subsequently downloaded several videos shared by Mazel on the network and confirmed that they depicted child pornography. *Id.* ¶¶ 6–7 (Page ID #3–4). After obtaining a search warrant, the agents searched Mazel's residence and seized electronic media later determined to contain approximately 295 images and 112 videos of child pornography. *Id.* ¶ 14 (Page ID #6).

Mazel was charged by federal criminal complaint. R. 1 (Crim. Compl.) (Page ID #1–6). The magistrate judge released Mazel on bond and required that he wear an electronic monitoring device. R. 6 (Order Setting Conditions of Release at 3) (Page ID #16). Mazel later proceeded by information and pleaded guilty without a Rule 11 plea agreement to one count of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and § 2252A(a)(5)(B) respectively. R. 10 (Information) (Page ID #26–29); R. 27 (Plea Tr. at 4) (Page ID #62). Mazel's guidelines range was calculated to be 151 to 188 months of imprisonment based on a total offense level of 34 with a criminal history category I. R. 6-1 (PSR ¶ 60). This reflected a three-point reduction for acceptance of responsibility under the U.S. Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a) and (b). *Id.* ¶¶ 33–34.

Three days before his sentencing hearing, Mazel fled the jurisdiction. R. 22 (Pet. for Action) (Page ID #54). Federal agents apprehended Mazel approximately ten days later. R. 32 (Gov't Sent'g Mem. Add. at 2) (Page ID #91). At Mazel's sentencing hearing, the government requested that the district court remove the two-point reduction for acceptance-of-responsibility under U.S.S.G. § 3E1.1(a) and stated that the government was withdrawing its recommendation

of the one-point reduction under § 3E1.1(b). R. 37 (Sent'g Tr. at 5–6) (Page ID #109–10). The district court agreed with the government, and the new guidelines range was calculated to be 210 to 262 months of imprisonment based on a total offense level of 37. *Id.* at 6 (Page ID #110). At the conclusion of the hearing, the district court sentenced Mazel to 210 months of imprisonment for Count One (receipt) and 120 months of imprisonment for Count Two (possession), to be served concurrently. *Id.* at 18 (Page ID #122). The district court also ordered a special assessment of $200 and five years of supervised release. *Id.* at 19 (Page ID #123).

On appeal, Mazel argues that his sentence is substantively unreasonable and that his convictions on the counts of receipt and possession violate the Double Jeopardy Clause. Appellant Br. at 5.

## II.  ANALYSIS

### A.  Standard of Review

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We "apply a rebuttable presumption of substantive reasonableness" for within-guidelines sentences like the sentence in this case. *United States v. Bolds*, 511 F.3d 568, 581

(6th Cir. 2007). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

**B. Substantive Reasonableness of Mazel's Sentence**

Mazel argues that the district court's sentence is substantively unreasonable for two reasons. First, he argues that the district court placed excessive weight on the guidelines for child pornography offenses because the guidelines are "grossly inflated" and recommend a sentence that is not proportionate to the severity of Mazel's offense. Appellant Br. at 7–12. Second, Mazel points to several factors that he claims counsel in favor of a below-guidelines sentence: Mazel is a first-time offender; he pleaded guilty; he took a federally administered polygraph test that indicated "he truthfully answered that he has never engaged in any sexual contact with a child"; and a psychologist who examined Mazel concluded that Mazel "does not have antisocial personality disorder, a distinguishing feature of a dangerous individual." *Id.* at 8.

We hold that the district court did not abuse its discretion and the sentence it imposed was substantively reasonable. Regarding Mazel's first argument, the district court properly considered the guidelines range as its starting point in considering Mazel's sentence. *United States v. Peppel*, 707 F.3d 627, 635 (6th Cir. 2013) ("The applicable Guidelines range represents the starting point for substantive-reasonableness review because it is one of the § 3553(a) factors and because the Guidelines purport to take into consideration most, if not all, of the other § 3553(a) factors.") (internal quotation marks omitted). The district court did not treat the guidelines as mandatory. R. 37 (Sent'g Tr. at 16) (Page ID #120). "[A] district court confronted

with an argument that [a] . . . Guidelines range is flawed must confront the merits of any scientific or policy-based arguments and articulate its reasons for rejecting such arguments." *United States v. Kamper*, 748 F.3d 728, 744 (6th Cir. 2014). However, a district court is not required to accept those arguments. *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011) ("[T]he fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees.").

The district court did not abuse its discretion in rejecting Mazel's policy arguments against the guidelines range for his offense. The district court acknowledged that Mazel's policy arguments against the guidelines might be justified in some cases. However, the district court found that those criticisms did not apply to Mazel's case because several factors, discussed below, indicated that Mazel posed a danger to the community. R. 37 (Sent'g Tr. at 17) (Page ID #121) ("I think there are a lot of circumstances where the severity of the time reflected in the guideline range is exaggerated and unnecessarily harsh. I don't think this is one of those cases.").

Nor did the district court abuse its discretion in deciding that the § 3553(a) factors counseled in favor of a low-end within-guidelines sentence in Mazel's case. Mazel's guidelines range accounted for the fact that he was a first-time offender and that he had never molested a child before. R. 6-1 (PSR ¶ 37); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010) ("[I]t is not logical to justify a more lenient sentence on the basis that Camiscione did not make

or distribute child pornography or molest a child. Just as the federal sentencing laws impose greater sentences upon sellers of controlled substances than upon those who are caught possessing such substances, . . . the federal child sexual offense laws do so as well."). The district court reasonably concluded that Mazel posed a risk to the community despite the findings of the psychologist and thus "separation from the community [was] required to [e]ffect . . . protection." R. 37 (Sent'g Tr. at 18) (Page ID #122). The district court pointed to the fact that Mazel had absconded before his original sentencing hearing date. *Id.* at 17 (Page ID #121). As the government adds, Mazel was found with survival gear, loaded handguns, and a computer hard drive, which initial forensic examination revealed contained child pornography downloaded beginning in April 2013. R. 32 (Gov't Sent'g Mem. Add. at 2–3) (Page ID #91–92). The district court also cited emails introduced by the government at sentencing that showed that Mazel had been engaging in sexually explicit conversations with individuals whom Mazel thought were eleven to thirteen year-old girls. R. 37 (Sent'g Tr. at 9–11, 18) (Page ID #113–15; 122). Mazel emailed child pornography to the individuals in some of these conversations. *Id.* at 11 (Page ID #115). The district court also concluded that Mazel's sentence was justified "to serve the objective of deterrence . . . given our current state of knowledge and our general inability to successfully treat individuals with this issue." *Id.* at 18 (Page ID #122).

In sum, Mazel's within-guidelines sentence is substantively reasonable.

### C.  Double Jeopardy Clause Claim

Mazel argues that his conviction for both receipt and possession of child pornography violates the Double Jeopardy Clause because possession is a lesser-included offense of receipt. Appellant Br. at 13.  The government agrees.  Appellee Br. at 18–19.  The parties disagree about the proper remedy.  Mazel argues that we should merge Counts One and Two and remand to the district court for resentencing on the receipt count.  Appellant Br. at 15.  The government argues that we should vacate Mazel's conviction for possession without remanding for resentencing because the district court ordered that Mazel's convictions on Counts One and Two be served concurrently.  Appellee Br. at 20–21.

We agree that Mazel's convictions here for receipt and possession of the same child pornography violate the Double Jeopardy Clause.  *United States v. Ehle*, 640 F.3d 689, 694–95 (6th Cir. 2011).  The government's charging documents and evidence introduced at sentencing do not establish separate conduct that could support a conviction for both receipt and possession of child pornography.  *United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011).  Thus, we must vacate Mazel's conviction for possession of child pornography because it is the lesser-included offense.  *United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006).

We further agree with the government that remanding for resentencing is not warranted in this case.  Unlike in *Ehle*, the district court ordered that Mazel's convictions for possession and receipt of child pornography run concurrently, rather than consecutively.  *Ehle*, 640 F.3d at 692.  Thus, Mazel would serve 210 months of imprisonment for receipt on Count One regardless

of whether he was convicted of possession on Count Two.  *United States v. Gerick*, 568 F. App'x 405, 408 (6th Cir. 2014).  Mazel's $200 special assessment must also be reduced to $100.  *Id.*

## III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the sentence of the district court on Count One (receipt), **VACATE** the conviction and sentence on Count Two (possession), and **REMAND** to the district court for the limited purpose of dismissing Count Two and reducing the special assessment to $100.