**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 20a0042n.06
Case No. 18-4222

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jan 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DAVID M. RICHARDS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. David Richards admitted that he received and distributed child pornography. Because he also had a history of sexually abusing children, the district court enhanced his sentence. U.S. Sentencing Guidelines Manual § 2G2.2(b)(5) (U.S. Sentencing Comm'n 2018). Richards did not object to the district court's sentencing enhancement then. But now, he says the district court committed plain error by applying this enhancement. We disagree and affirm.

Sentences are harsher for repeat child abusers. That is because the guidelines include an enhancement for those who have "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor[.]" *Id.*

The guidelines define what activities qualify for this enhancement. "Sexual abuse or exploitation" means conduct that certain federal statutes define as criminal. *Id.* § 2G2.2(b)(5) cmt.

n.1 (listing statutory provisions). So if a defendant does something prohibited by one of those federal statutes—even if he's never been convicted—then he has sexually abused or exploited a minor under § 2G2.2(b)(5). And "pattern of activity" means two or more separate instances of abuse or exploitation. *Id.* In sum, a defendant qualifies for the enhancement so long as he twice engages in conduct that has been criminalized by one of the federal statutes listed in § 2G2.2.

So what were Richards's acts that triggered the enhancement? Well, during an interview with the FBI, Richards admitted to paying minors for sex while in the Philippines. He did this twice. The first time, he paid a 12-to-14-year-old Filipina girl to expose her breast so he could masturbate onto her. The second time, he paid a different 12-to-14-year-old Filipina girl to have sex with him.

Richards now tries to minimize these statements on appeal. He asserts that they're "not of sufficient weight" for the court to rely on. Appellant Br. at 13. But Richards gives no reason *why* his own admissions aren't sufficiently credible to use at sentencing. And no doubt, a district court can consider a defendant's statements when deciding whether to apply an enhancement. *See, e.g.*, *United States v. Gerick*, 568 F. App'x 405, 412–13 (6th Cir. 2014); *see also United States v. Cover*, 800 F.3d 275, 281–82 (6th Cir. 2015) (per curiam).

Richards qualifies for the pattern-of-activity enhancement. Why? Because he twice engaged in conduct criminalized by one of § 2G2.2's enumerated statutes, 18 U.S.C. § 2423(c). That provision makes it a crime to exchange money for a sex act with a minor while traveling abroad. 18 U.S.C. §§ 1591(e)(3); 2423(c), (f)(2). What Richards did counts as "sexual abuse or exploitation of a minor" because he paid underage girls for sex acts while traveling abroad— conduct forbidden by one of the federal statutes enumerated in § 2G2.2. And because he did so

twice, that amounts to a "pattern of activity." U.S.S.G. § 2G2.2(b)(5). So Richards qualifies for the enhancement.

Since the enhancement applies, Richards cannot show that the district court committed plain error. *See, e.g.*, *United States v. Jarman*, 144 F.3d 912, 915–16 (6th Cir. 1998).

We affirm.