**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0180n.06
Filed: March 5, 2009

**No. 07-5033**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| RODERICK BATES, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KEITH, COLE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge**.  Defendant Roderick Bates appeals the 72-month sentence he received following his guilty plea for conspiracy to distribute cocaine hydrochloride.  Finding no error, we **AFFIRM.**

**I.**

This case arose out of a joint investigation by local and federal law enforcement agents into a drug trafficking organization coordinated by Myron Baker and Rodney Bates in Chattanooga, Tennessee.  Through confidential sources and authorized wiretaps, agents learned that Myron Baker acted as the primary supplier for the organization, obtaining cocaine hydrochloride from Atlanta, Georgia.  The wiretap confirmed that defendant, the son of Rodney Bates, regularly communicated with Myron Baker and Rodney Bates about drug-related matters.

On June 13, 2006, a federal grand jury in the Eastern District of Tennessee returned a fourteen-count indictment against defendant and eleven other individuals, including Rodney Bates.[1] The first count charged all twelve defendants with conspiracy to distribute five kilograms or more of cocaine hydrochloride, fifty grams or more of crack cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846. Count fourteen charged defendant individually with possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On September 11, 2006, defendant appeared before the district court with counsel and entered a guilty plea pursuant to a plea agreement. Defendant pleaded guilty to conspiracy to distribute a mixture or substance containing cocaine hydrochloride, a lesser-included offense of count one.

The district court held a sentencing hearing on December 21, 2006. The district court granted the first of defendant's objections to the probation officer's Presentence Investigation Report ("PSR"), concluding that defendant was only responsible for 4.1 grams of cocaine found in his pocket during a traffic stop, not the 16 grams recovered from all of the passengers.

After hearing testimony, however, the district court denied defendant's second challenge to the PSR's drug quantity calculation, finding defendant responsible for 250 grams of cocaine hydrochloride. The district court based its finding on the testimony of DEA Special Agent Bob Chester. According to Agent Chester, the wiretap recorded a voice mail from Rodney Bates to

---

[1]Defendant's appeal in this case has been consolidated with the appeals of two of his co-defendants: Jermaine Baker, No. 06-6610, and Myron Baker, No. 07-5412.

defendant, in which Rodney Bates apparently said that he needed his money and that defendant should "do whatever he needed to do to get it to him." Sentencing Tr. at 13-14, J.A. at 130-31. Several days later, Rodney Bates told Myron Baker that he did not care about defendant owing him rent; what he really cared about was the "college tuition." Sentencing Tr. at 14, J.A. at 131. Agent Chester took "college tuition" to mean a large sum of money—potentially drug money, especially because neither Rodney Bates nor defendant attended college. Agent Chester also testified that, several days later, the DEA's confidential informant met with defendant, and defendant explained to the informant that "he owed his father [Rodney Bates] $7,000 for a quarter kilo of cocaine and approximately 2 pounds of weed." Sentencing Tr. at 14, J.A. at 131. At the sentencing hearing, defendant claimed that the dispute between he and his father involved unpaid rent, not a drug-related debt, and presented his mother and girlfriend as witnesses.

Finally, the district court also denied defendant's objection to the PSR's application of a two-level offense level enhancement, pursuant to U.S.S.G. § 3C1.2, for reckless endangerment during flight.[2]

After resolving defendant's objections and applying a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the district court determined that the total offense level was 25 and the criminal history category was III, which yielded a Guidelines range of 70 to 87 months. The district court then acknowledged the advisory nature of the Guidelines, rejected defendant's

---

[2]The enhancement was based upon defendant's high rate of speed through a housing development where young children were playing while he was being pursued by police.

motion for a downward departure, and sentenced him to a term of 72 months' imprisonment. Defendant timely appealed his sentence.[3]

**II.**

Defendant's only challenge on appeal is to the district court's denial of the second of his two objections to the PSR's calculation of the drug quantity attributable to him. He argues that the district court considered unreliable hearsay testimony in finding that he was responsible for 250 grams of cocaine hydrochloride.

Generally, hearsay evidence is admissible in sentencing proceedings, because the Federal Rules of Evidence do not apply. FED. R. EVID. 1101(d)(3); *United States v. Davis*, 170 F.3d 617, 622 (6th Cir. 1999); *see also United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006) (holding that "testimonial hearsay does not affect a defendant's right to confrontation at sentencing"). But due process requires that "*some* evidentiary basis beyond mere allegation in an indictment be presented to support consideration of . . . conduct as relevant to sentencing." *United States v. Silverman*, 976 F.2d 1502, 1504 (6th Cir. 1992) (en banc). At the same time, this due process standard presents a "relatively low hurdle," *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995), and is consistent with the Federal Sentencing Guidelines, which establish a minimum standard of reliability for evidence presented in sentencing proceedings:

---

[3]Although defendant filed his notice of appeal after he was sentenced, but before the district court entered judgment, we still possess appellate jurisdiction. *See* FED. R. APP. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."); *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 n.3 (6th Cir. 1997) ("As long as a subsequent final order is eventually entered, a prematurely filed notice of appeal can confer appellate jurisdiction.").

> In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, *provided that the information has sufficient indicia of reliability to support its probable accuracy.*

U.S.S.G. § 6A1.3(a) (emphasis added).

Defendant argues that Agent Chester's testimony regarding defendant's statements to a confidential informant that he owed his father $7,000 for 250 grams of cocaine does not satisfy the minimum indicia-of-reliability standard of the Guidelines or due process. We review a district court's determination of reliability for abuse of discretion, and its factual findings for clear error. *United States v. Moncivais*, 492 F.3d 652, 658 (6th Cir. 2007). To the extent defendant's claim is based on the Due Process Clause, we review it *de novo*. *Id.*

In support of his argument, defendant cites to *United States v. Moncivais*, in which this court held that a coconspirator's proffer statement was "clearly above the minimum standard of reliability required for the evidence to be admissible at sentencing." *Id.* at 659. In that case, the district court made "detailed and extensive findings as to the reliability" of the proffer statement. *Id.* at 660. The statement itself was also "richly detailed" and "internally and externally consistent." *Id.* at 659. Moreover, "the possibility of the statement being used against [the coconspirator's] penal interests bolstered its reliability." *Id.*

Although the hearsay evidence at issue in this case may not rise to the level of the hearsay at issue in *Moncivais*—a proposition the government admits—we conclude that it was still sufficiently reliable so as to clear the "relatively low hurdle" of the Guidelines and due process. Agent Chester's testimony regarding defendant's conversation with the confidential informant was

corroborated by several other facts, which the district court noted at the sentencing hearing. First, defendant had admitted that he was involved in drug trafficking activities and he was otherwise unemployed. Second, the parties admitted that defendant's father, Rodney Bates, had the capacity to deal in kilogram quantities of drugs. Finally, Agent Chester described a wiretap recording in which Rodney Bates told Myron Baker that he cared about the "college tuition" from his son, but neither Rodney Bates nor defendant ever attended college. Given the corroboration for the informant's statement, it was admissible at defendant's sentencing hearing and the district court did not err by considering it. *See United States v. Hunt*, 487 F.3d 347, 353 (6th Cir. 2007) (holding that the district court did not err in considering hearsay statements where the statements corroborated each other and were also corroborated by circumstantial evidence). Accordingly, it also did not clearly err in finding defendant responsible, by a preponderance of the evidence, for 250 grams of cocaine hydrochloride.

## III.

For the foregoing reasons, we **AFFIRM** defendant's sentence.