RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMOND BAKER,

*Defendant-Appellant.*

No. 16-3325

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:15-cr-00245-12—James S. Gwin, District Judge.

Argued: March 16, 2017

Decided and Filed: May 30, 2017

Before: KEITH, BATCHELDER, and MCKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Brian R. McGraw, Cleveland, Ohio, for Appellant. Daniel R. Ranke, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Brian R. McGraw, Cleveland, Ohio, for Appellant. Daniel R. Ranke, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

ALICE M. BATCHELDER, Circuit Judge. Demond Baker appeals his 50-month sentence for conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, arguing that his sentence is both procedurally and substantively unreasonable. The district court's method of determining the extent of Baker's involvement in the drug conspiracy raises

concerns, but we ultimately must affirm Baker's sentence because it was neither procedurally nor substantively unreasonable.

## I.

In 2015, Baker pled guilty to participating in a large-scale drug trafficking conspiracy. In exchange, the government agreed to recommend that Baker be sentenced within a range agreed upon by the parties. Baker had a criminal history category of IV, and the parties' plea agreement stipulated that 100 to 200 grams of cocaine be attributed to Baker and that his total offense level be set at 12, resulting in an agreed Guidelines range of 21 to 27 months' imprisonment.

During sentencing proceedings, the district court became concerned that the plea agreement did not accurately reflect the drug quantity for which Baker was responsible. The government explained that it could not prove a drug amount in excess of 172 grams of cocaine, but the district court was unconvinced. To resolve the issue, the district court requested and reviewed Baker's confidential proffer statement, developed after Baker agreed to provide the government information about the drug conspiracy. The district court then found Baker responsible for 500 grams to two kilograms of cocaine, thereby significantly increasing Baker's base offense level and the resulting total offense level. The district court acknowledged that it could not use the information found only in Baker's confidential proffer statement to determine the applicable Guidelines range. Instead, the district court based its drug-weight finding on (1) a post-arrest recorded phone call in which Baker stated that police officers missed "twelve-five" when they searched his home;[1] (2) a codefendant's proffer statement that Baker was given a "large" amount of cocaine; and (3) a codefendant's proffer that discussed drug transactions but did not specify any amount.

Using the increased drug weight and the increased base offense level, the district court determined that the appropriate Guidelines range was 51 to 63 months' imprisonment and sentenced Baker to 50 months' imprisonment. This timely appeal followed.

---

[1]The district court interpreted this statement to mean that there was an additional $12,500 in undiscovered drug proceeds in Baker's home.

**II.**

"Sentencing challenges are reviewed for abuse of discretion." *United States v. Coppenger*, 775 F.3d 799, 802 (6th Cir. 2015) (citations omitted).

> A court will be deemed to have abused its discretion and imposed a procedurally unreasonable sentence if it failed to calculate the Guidelines range properly; treated the Guidelines as mandatory; failed to consider the factors prescribed at 18 U.S.C. § 3553(a); based the sentence on clearly erroneous facts; or failed to adequately explain the sentence.

*Id.* at 803 (citing *United States v. Adkins,* 729 F.3d 559, 563 (6th Cir. 2013)). Similarly, "[a] court will be deemed to have abused its discretion and imposed a substantively unreasonable sentence if it imposed a sentence arbitrarily, based on impermissible factors, or unreasonably weighed a pertinent factor." *Id.* at 803 (citing *Adkins,* 729 F.3d at 563).

"This Court reviews the district court's factual findings in calculating the Guidelines range for clear error, but its legal conclusions are reviewed de novo." *United States v. Woods*, 604 F.3d 286, 290 (6th Cir. 2010) (quoting *United States v. Thompson*, 586 F.3d 1035, 1038 (6th Cir. 2009)). A reviewing court "may not reverse a finding of fact 'simply because [it] would have decided the case differently,' but must affirm unless 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

**III.**

Baker first asserts that the district court abused its discretion, and imposed a procedurally unreasonable sentence, by improperly calculating the Guidelines range. The district court did so, Baker argues, by relying on Baker's confidential proffer statement in determining a sentence and erroneously attributing 500 grams to two kilograms of cocaine to Baker. Baker is incorrect on both points.

**A.**

The Sentencing Guidelines prohibit a district court from using self-incriminating information provided by the defendant as part of a cooperation agreement with the government

"in determining the applicable guideline range, except to the extent provided in the agreement." USSG § 1B1.8(a). "This provision 'forbids the government to influence the sentencing range by disclosing revelations by a defendant in the course of cooperation as required by a plea agreement.'" *United States v. Jackson*, 635 F.3d 205, 207–08 (6th Cir. 2011) (quoting *United States v. Miller*, 910 F.2d 1321, 1325 (6th Cir. 1990)). However, this provision "does not authorize the government to withhold information from the court," USSG § 1B1.8 comment. n.1, and no statute or Guidelines provision prohibits the district court from reviewing a proffer statement, *cf. Jackson*, 635 F.3d at 209 (finding no clear error when confidential proffer information was included in a presentence report).

During Baker's sentencing proceeding, the district court explicitly said that its analysis was not colored by the information contained in Baker's proffer statement:

> [T]he proffer does acknowledge [Baker's], you know, dealing with more than two kilograms, but I'm going to disregard that because I think the Government has come forward with evidence that there was a proffer agreement, and part of that proffer agreement was accepting—that the Government would not use [Baker's] statement against him. . . . So that will not be considered with regard to the weight.

We do not question that assertion, and we hold that the district court did not abuse its discretion by reviewing the proffer statement.

But that determination does not entirely end the discussion. A sentencing court's reviewing a confidential proffer statement places the court in the position of having knowledge that it is unable to use, which may understandably give rise to concerns about possible prejudice to the defendant. While there may be circumstances in which the court has good reason to consider the statement, such as when the court becomes privy to it in the course of dealing with a codefendant or coconspirator or when a defendant breaches a plea agreement or the terms of a cooperation agreement, we urge any district court confronting such circumstances to proceed carefully to ensure that the defendant is not prejudiced by the court's review of the proffer.

**B.**

The district court did not err in attributing 500 grams to two kilograms of cocaine to Baker. The district court largely based its drug weight finding on a prison phone call that was recorded after search of Baker's residence and his arrest.[2] During that search, police found approximately $3,500 in cash. Later, while in prison, Baker made a telephone call, which was recorded, in which he discussed an additional $12,500 that the police did not find. The district court determined that the phone call evidenced Baker's possession of the $12,500 and, based upon the context of the phone call and Baker's inability to have legally obtained the money, that the $12,500 was drug proceeds. The district court then determined that Baker had approximately $16,000 in drug proceeds (the $12,500 plus the additional $3,500 that the police actually found during the search of Baker's residence). As evidence presented to the district court reflected that a kilo of cocaine was worth between $30,000 and $36,000, the district court concluded that Baker's $16,000 in cash represented the value of at least a half-kilo of cocaine.

At sentencing, "when 'the exact amount of drugs involved is uncertain, the court may make an estimate supported by competent evidence, but the evidence' supporting the estimate 'must have a minimal level of reliability beyond mere allegation, and the court should err on the side of caution in making its estimate.'" *United States v. Sandridge*, 385 F.3d 1032, 1037 (6th Cir. 2004) (quoting *United States v. Owusu,* 199 F.3d 329, 338 (6th Cir. 2000)). In making such an estimation, the court may consider "the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved." USSG § 2D1.1 comment. n.5. "Seized funds can be converted into an equivalent amount of drugs. To do so, 'the Government must prove by a preponderance of the evidence both the amount of money attributable to drug activity and the conversion ratio—i.e., the price per unit of drugs.'" *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010) (quoting *Sandridge*, 385 F.3d at 1037). The district court did not err when it did just that, converting the cash in Baker's possession—which it believed to be drug proceeds—into a drug amount.

---

[2]As this undisputed item is sufficient to support the district court's finding, we do not address the other two pieces of evidence individually (the proffer statements of two of Baker's codefendants).

The minimum-indicia-of-reliability standard is a "relatively low hurdle," *United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010) (citation omitted), and the recorded phone call satisfies that standard.  This court has previously found that hearsay statements regarding drug transactions are sufficiently reliable to support a drug-quantity finding.  For example, in *United States v. Bates*, 315 F. App'x 591 (6th Cir. 2009), a panel of this court determined that the defendant's statement that he "owed his father $7,000 for 250 grams of cocaine" was reliable, and, when combined with the defendant's guilty plea, lack of legal income, cooperation with a large-scale drug trafficker, and a wiretap recording containing a puzzling reference to "college tuition," supported a drug weight of 250 grams of cocaine.  *Id.* at 594–95; *see also United States v. Cohen*, 515 F. App'x 405, 412–13 (6th Cir. 2013) (finding no clear error for drug-quantity determination based on coconspirator testimony and intercepted phone calls); *cf. United States v. Smith*, 609 F. App'x 340, 344–45 (6th Cir.), *cert. denied*, 136 S. Ct. 560 (2015) (finding that wiretap recordings discussing purchase of large drug amounts were sufficient to satisfy the beyond-a-reasonable-doubt standard and support a conviction for money-laundering conspiracy).  The district court therefore did not abuse its discretion by relying on Baker's reference to the undiscovered $12,500 to determine the drug weight and calculate a Guidelines range of 51 to 63 months' imprisonment.

**IV.**

Baker next asserts that the district court abused its discretion and imposed a substantively unreasonable 50-month sentence.  A properly calculated, within-Guidelines sentence is presumed to be substantively reasonable.  *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008).  This presumption "naturally extends to sentences below the Guidelines range." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015).  As discussed above, the district court properly calculated Baker's Guidelines range of 51 to 63 months' imprisonment.  Baker's 50-month sentence, a downward variance from the Guidelines range, is therefore presumptively reasonable.

Baker has failed to overcome this presumption.  The district court considered Baker's sentencing arguments, the § 3553(a) factors, and presented an adequate rationale for its sentence.  "[A] sentencing judge is not required to explicitly address every mitigating argument that a

defendant makes, particularly when those arguments are raised only in passing." *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). Further, the district court's rejection of the parties' sentencing recommendation is insufficient to demonstrate substantive unreasonableness. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Therefore, the district court did not abuse its discretion by sentencing Baker to 50 months' imprisonment.

For these reasons we AFFIRM.