**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0494n.06

Case No. 17-4032

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 04, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DEMOND BAKER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, DONALD, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Demond Baker appeals his sentence following his guilty plea to a drug-conspiracy charge. We affirm.

I.

Demond Baker and his father, Emery Lee, sold drugs as part of a large drug-trafficking conspiracy. Lee managed the operation. He would buy drugs from suppliers and then have others, including Baker, sell or distribute those drugs, primarily heroin and cocaine. But the government eventually discovered the scheme and brought charges against twenty codefendants, including Baker, Lee, Lee's girlfriend Rhonda Collins, and Lee's principal supplier.

After seeing the weight of the evidence against him, Baker pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin. In his plea agreement, Baker and the government stipulated that he was responsible for handling between 100 and 200 grams of

cocaine. But at his sentencing hearing, the district court questioned the accuracy of this amount. After a continuance and a revised pre-sentence report, the district court found Baker responsible for 500 grams of cocaine. In reaching this conclusion, the district court partially relied on a phone call Baker made in jail. In the call, Baker said that the police failed to find $12,500 of his drug money during a search of his house. The evidence of this undiscovered drug money, when paired with the $3,680 that police *did* discover, led the district court to conclude that Baker was responsible for at least 500 grams of cocaine. Attributing 500 grams of cocaine to Baker raised his sentencing guidelines range above what the plea agreement recommended, so the district court sentenced Baker to fifty months. This court affirmed. *United States v. Baker*, 858 F.3d 419, 421 (6th Cir. 2017).

As it turned out, although Baker may have made the jailhouse phone call that the district court relied upon, there was no actual recording of it. And the government, after a search of its records, admitted as much. So this court vacated Baker's original sentence and remanded for resentencing. *United States v. Baker*, 869 F.3d 401 (6th Cir. 2017) (order). On remand, the district court held a new sentencing hearing and relied on most of the same evidence, including the unrecorded phone call. The court said there was no reason to think that Baker did not make the phone call, even without an actual recording of it. And, once again, the court sentenced Baker to fifty months after finding him responsible for 500 grams of cocaine. Baker now appeals.

## II.

Baker argues that the district court erred because there was insufficient evidence demonstrating he was responsible for 500 grams of cocaine.[1] He also contends that the district

---

[1] Baker also argues that his sentence is substantively unreasonable. But his one-sentence argument in the concluding lines of his brief is insufficient. So he has forfeited his substantive unreasonableness argument. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and alteration omitted)).

court should not have relied upon the jailhouse phone call because it was unreliable. We affirm the district court in both respects.

*Insufficient evidence.* "We review for clear error the district court's factual findings on drug quantity attributable to a defendant for sentencing purposes." *United States v. Rios*, 830 F.3d 403, 436 (6th Cir. 2016). Since the exact quantity of drugs was unknown in Baker's case, the district court had to estimate the amount of drugs for which Baker was responsible. *United States v. Jeross*, 521 F.3d 562, 569–70 (6th Cir. 2008) (holding that when the exact amount of drugs is unclear, "an estimate will suffice"). That estimate must be supported by a preponderance of the evidence. *Id.* at 570. And district courts must err on the side of caution. *United States v. Sandridge*, 385 F.3d 1032, 1037 (6th Cir. 2004).

In estimating the amount of drugs, district courts may consider the drug quantities in which the defendant was directly involved and those reasonably foreseeable to him. *United States v. Ledezma*, 26 F.3d 636, 646 (6th Cir. 1994). Here, the district court's estimate was supported by a preponderance of the evidence.

First, wiretap phone calls demonstrated that Baker was involved with selling 172 grams of cocaine. In those calls, Baker and Lee discussed specific quantities. And Baker does not dispute that these calls connect him to 172 grams of cocaine.

Second, Baker was either involved with selling at least an additional 328 grams or that amount was reasonably foreseeable to him based on his role in the conspiracy. In reaching this estimated amount, Baker's co-conspirators did him no favors. His father's girlfriend, Rhonda Collins, told the government that Baker got his drugs from Lee. Lee, in turn, said that Baker handled "large quantities" of cocaine. And the intercepted phone calls indicated that Lee and Baker sold drugs together.

With Baker's role in the conspiracy established, the district court then considered the quantities of cocaine that had moved through the conspiracy. Lee was found responsible for five kilograms of cocaine, and Lee's principal supplier was responsible for seven kilograms. Because Baker was one of three people who distributed Lee's drugs, and Lee and Baker worked together "day in and day [out]," the district court concluded it was reasonable to assume Baker knew of and handled a significant portion of the five kilograms of cocaine. *United States v. Mariscal*, 326 F. App'x 359, 362 (6th Cir. 2009) (upholding the district court's use of the drug quantities that the defendant's co-conspirators admitted being responsible for to estimate the drug quantity for which the defendant was responsible); *see United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) ("[T]estimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable."). Additionally, a confidential source recounted that Lee said he gave "his son" one kilogram of cocaine in August 2014. Even though Lee had two step-sons who were also involved in the conspiracy, the district court determined that the statement was likely about Baker because Lee used Baker's nickname. Plus, Baker spent more time with Lee than the step-sons did.

In response to this evidence, Baker makes a broad argument that the evidence linking him to 500 grams of cocaine was insufficient. He notes, for instance, that Lee and Collins do not mention a specific quantity of drugs. But sentencing courts are not required to calculate the amount with mathematical certainty; rather, the court must make a reasonable estimate. *United States v. Hernandez*, 227 F.3d 686, 699 (6th Cir. 2000). And the district court's estimate was based not just on the co-conspirators' statements. The district court properly considered them alongside the confidential source's statement and the quantity of cocaine for which Baker's co-conspirators were responsible. *See United States v. Cohen*, 515 F. App'x 405, 412–13 (6th Cir. 2013) (finding co-

defendants' proffer statements to be sufficiently reliable because they were corroborated by other evidence).

Baker also contends that he should not be held responsible for the drug quantities of his co-conspirators because he was only involved in the multi-year conspiracy for four months. But the district court took this into account by finding a drug quantity of 500 grams—only a small fraction of the five kilograms for which Lee was held responsible. Further, this court has held that district courts may consider conduct that occurred outside the time period of the conspiracy to which a defendant pled guilty. *United States v. Miller*, 910 F.2d 1321, 1327 (6th Cir. 1990). In *Miller*, the defendant pled guilty to conspiring to distribute cocaine over a three-month period, but this court concluded that his sales of cocaine over a twenty-month period were properly included as relevant conduct. *Id.* Therefore, the evidence that Lee gave Baker one kilogram of cocaine outside of the four-month period is relevant conduct that the district court could consider in reaching its estimate of 500 grams. *United States v. Brown*, 332 F.3d 363, 375 (6th Cir. 2003) ("We . . . review the determination that the conduct in question was relevant conduct *de novo*."). With evidence pointing to a kilogram of cocaine and a broader conspiracy of at least five kilograms, the district court did not err by approximating that Baker was responsible for, at the very least, 500 grams. *Hernandez*, 227 F.3d at 699 ("District courts may approximate the quantity of drugs for sentencing purposes based upon circumstantial evidence as long as they err on the side of caution.").

*Jailhouse phone call.* Second, Baker says that the jailhouse phone call is unreliable because there is no evidence of a recording. But the standard for reliability is a "relatively low hurdle." *United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010). And while a recording may make evidence *more* reliable, it does not follow that the lack of a recording makes that same

evidence automatically unreliable. *Cf. United States v. Bates*, 315 F. App'x 591, 594 (6th Cir. 2009) (holding that hearsay that "may not rise to the level" of reliability of other evidence can still be reliable). Unrecorded statements may still be reliable. And, in any event, any error in relying on the phone call was harmless because the district court had sufficient evidence without the phone call to conclude that Baker was responsible for at least 500 grams of cocaine.

We affirm.